IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

ERIC SMITH, ET AL,                    )
                                      )
                    Plaintiff,        )
                                      )
v.                                    )    Cause No: 4:18-CV-171
                                      )
ST CHARLES COUNTY, ET AL.             )
                                      )
                    Defendants.       )


## MEMORANDUM OF DEFENDANTS IN SUPPORT OF THEIR MOTION TO STRIKE

COMES NOW Defendants, St. Charles County, Missouri, Larry Crawford, Michael McKee, Jeffery Cast, and Clinton Graebner ("Defendants") by and through undersigned counsel, and file their Memorandum in Support of Motion to Strike "History of Unconstitutional Conduct at SCCJ," paragraphs 97 to 113 of Plaintiffs', Eric Smith, and Allaedin Qandah ("Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure 12 and state as follows:

### INTRODUCTION

Plaintiffs have sued Defendants, St. Charles County, Missouri, and St. Charles County Department of Corrections employees and former employees Larry Crawford, Michael McKee, Jeffery Cast, Zachary Ridgeway, Clinton Graebner, and two other un-named Department of Corrections employees. Plaintiffs file their suit pursuant 42 U.S.C. Section 1983, alleging Defendants violated their First, Eighth and Fourteenth Amendment rights while Plaintiffs were confined in the St. Charles County Department of Corrections Adult Detention Facility. Plaintiff Smith also brings claims under Missouri Law for Assault and Battery. Finally, in Count VIII, Plaintiffs bring a claim 42 U.S.C. Section 1983 claim alleging municipal liability as per the United States Supreme Court's decision in *Monell v. New York Depart. of Social Services*.

1

Defendants now move to strike "History of Unconstitutional Conduct at SCCJ," paragraphs 97 to 113 of Plaintiffs' Complaint under Federal Rule of Civil Procedure 12 as this section is immaterial and impertinent to Plaintiffs' claims and prejudicial to Defendants.

## STANDARD OF REVIEW

Pursuant to Rule 12(f) "Upon motion made by a party ... or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Fed. R. Civ. P. 12). An "immaterial" matter is one that that has no essential or important relationship to the claim for relief or the defenses being plead while an "impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question. *CitiMortgage, Inc. v. Just Mortg., Inc.*, No. 4:09 CV 1909 DDN at 7 (E.D. Mo. Dec. 13, 2013) (citing *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993). Additionally, a party must make a showing of prejudice before a court will grant a motion to strike. *Id.* This prejudice requirement is satisfied if striking the matter would prevent a party from expending time and resources litigating irrelevant issues that will not affect the case's outcome. *Id.* Rule 12(f) has always been understood to grant the Court liberal discretion in its use, despite its use generally being disfavored. *Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059, 1063 (8th Cir. 2000).

## ARGUMENT

Plaintiffs are attempting to use "History of Unconstitutional Conduct at SCCJ," paragraphs 97 to 113 of Plaintiffs' Complaint to establish a history of unconstitutional customs and/or polices within the St. Charles County Department of Corrections in order to impute liability to Defendant, St. Charles County. *Complaint at ¶ 97.* However, for relief under §1983, Plaintiffs must show their constitutional rights were violated by St. Charles County through "a

policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. New York Depart. of Social Services*, 436 U.S. 658, 690 (1978). 42 U.S.C. §1983 also authorizes suit "for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Id*. at 690-691. The plaintiffs must show an "affirmative link" between the policy or custom and the alleged violation. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). The section of Plaintiffs' Complaint entitled "History of Unconstitutional Conduct at SCCJ" is immaterial and impertinent to establishing such a *Monell* violation.

Plaintiffs allege in their complaint that the St. Charles County Department of Corrections has been "characterized by a lack of training, supervision and discipline." Complaint at ¶ 97. They further allege the "repeated nature of abuse—as reported by individuals incarcerated at SCCJ and as held by courts—result in clear unconstitutional customs and is likely illustrative of unconstitutional policies." *Id*. In support of these spurious claims Plaintiffs cite seven immaterial and impertinent cases, none of which contain any such holding. These cases are: *Breeding v. St. Charles County, et.al.,* Cause No. 4:15-cv-00539 (E.D. Mo. 2015), *Burnett* v. *St. Charles County Jail, et.al.,* Cause No. 4:13-cv-01990 (E.D. Mo. 2013), *Roland v. Cnty of St. Charles,* Cause No. 4:15-cv-00699 (E.D. Mo 2015), *Williams v. Crawford*, Cause No. 4:17-cv-1475 (E.D. Mo. 2017)[1], *Goodson v. County of St. Charles Department of Corrections, et. al.,* Cause No. 4:14-cv-1845 (E.D. Mo. 2014), *Wilga v. Crawford, et. al.,* Cause No. 4:17-cv-1457 (E.D. Mo. 2017), and *Schnur v. St. Charles County, et al.,* Cause No. 1411-CC00293 (2017).

---

[1] It should be noted the allegations contained in paragraph 101 of Plaintiffs' Complaint and attributed to *Williams v. Crawford* are inaccurate and untrue. Paragraph 101 clearly misstates all allegations presented by Mr. Williams and contained within *Williams v. Crawford.*

The cases of *Roland, Williams, Goodson,* and *Wilga,* were dismissed by the court before any of named defendants were served or responsive pleading filed. In fact, Defendants were first made aware of these four cases when cited in Plaintiffs' Complaint. In *Roland* the matter was dismissed as frivolous. (*Roland v. Cnty of St. Charles*, Memorandum and Order, Doc. #6 at 4) (Exhibit A). In *Wilga* this Court dismissed the matter on the ground Wilga's claims relative to the Director of the St. Charles County Department of Corrections and an unnamed caseworker were frivolous, while dismissing the final St. Charles County employee defendant after Wilga failed to comply with court order. (*Wilga v. Crawford, et. al.*, Memorandum and Order, Doc #4 at 3) (Exhibit B) and Memorandum and Order, Doc #6) (Exhibit C). *Williams* was also dismissed as frivolous (*Williams v. Crawford*, Memorandum and Order, Doc #12 4-6) (Exhibit D), and *Goodson* was dismissed when the Plaintiff failed to comply with a Court order (*Goodson v. County of St. Charles Department of Corrections, et. al.*, Memorandum and Order, Doc 8) (Exhibit E).

As to the matter of *Burnett, Breeding* and *Schnur,* Defendants did have notice of these matters. However, *Breeding,* as Plaintiffs note, was settled by the parties with no admission of fault or wrong on behalf of any of the named defendants. *Burnett* was dismissed after Defendants' Motion for Summary Judgment was granted on the grounds Burnett failed to establish his Eighth Amendment rights were violated; he failed to comply with the requirements of the Prison Litigation Reform Act; and the defendant was entitled to protection afforded by qualified immunity. (*Burnett* v. *St. Charles County Jail, et.al.,* Memorandum and Order, Doc #25 (Exhibit F), and Judgment, Doc #26) (Exhibit G). Finally, the *Schnur* case, as Plaintiffs' admit, involves allegations of employment discrimination, wherein the plaintiff was a St. Charles

County employee.  It is not a suit brought by an individual detained by the St. Charles County Department of Corrections.

These cases cited in "History of Unconstitutional Conduct at SCCJ" are clearly immaterial and impertinent to this matter as they fail in any way to establish a *Monell* violation. These cases are not pertinent, or necessary to; nor do they in any way relate to the *Monell* claim of Plaintiffs.  These cases are in no way pertinent or relevant to any policy statement, ordinance, regulation, or decision officially adopted and promulgated by that St. Charles County.   Nor do they relate to any unofficial governmental 'custom' that has been adopted by St. Charles County. Further these cases are clearly not illustrative of a lack of training, supervision or discipline within the St. Charles County Department of Corrections.  They also fail to establish any kind of "affirmative link" between any unconstitutional customs and/or polices within the St. Charles County Department of Corrections and the Plaintiffs' alleged violations of their civil rights. These cases amount to nothing more than unsubstantial claims that in most instances were dismissed as frivolous before service was ever ordered on defendants.

Further, these matters are clearly prejudicial to Defendants' in that if not stricken, Defendants would have to expend time and resources litigating irrelevant issues.  Additionally, Plaintiffs are using these cases to poison the general public's perception of the St. Charles County Department of Corrections and is a calculated attempt to influence the pool of potential future jurors.[2]  As the "History of Unconstitutional Conduct at SCCJ" section of Plaintiffs'

---

[2] On February 1, 2018, the day after this matter was filed, Plaintiffs' attorney, in a press release stated this matter "adds to the litany of individual cases brought against SCCJ in the past five years.  In August of 2017, St. Charles County reached a settlement with the family of Robert Breeding, a young man who died in SCCJ custody in 2013." *http://www.archcitydefenders.org/2018/02/01/archcity-defenders-files-federal-suit-against-st-charles-county-jail-and-individual-officers-for-unlawful-actions/.*  Their press release contains a hyper link Plaintiffs' Complaint.  This story has since been picked up by the local and national

Complaint is, immaterial and impertinent and prejudicial to Defendants, it is proper for this

Court to strike paragraphs 97 to 113 of Plaintiffs' Complaint.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Strike

"History of Unconstitutional Conduct at SCCJ," paragraphs 97 to 113 of Plaintiffs' Complaint.

Respectfully submitted,
ST. CHARLES COUNTY COUNSELOR


/s/Drew A. Heffner
Drew A. Heffner, E.D. #54873MO
Associate County Counselor
100 North Third Street
St. Charles, Missouri 63301
Telephone:     636/949-7540
Facsimile:     636/949-7541
Email: dheffner@sccmo.org

---

media originations such as St. Louis Post Dispatch *(http://www.stltoday.com/news/local/crime-and-courts/two-st-louis-county-men-sue-over-treatment-at-st/article_a8814c05-4c99-5291-830a-964fa95ca40d.html)*, U.S. News and World Report *(http://www.stltoday.com/news/local/crime-and-courts/two-st-louis-county-men-sue-over-treatment-at-st/article_a8814c05-4c99-5291-830a-964fa95ca40d.html)* and Fox 2 News *(http://fox2now.com/2018/02/01/lawsuit-cites-concerns-at-st-charles-county-jail/).*

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

Blake A. Strode
Michael-John Voss
Sima Atri
Nathaniel R. Carroll
John M. Waldron
Arch City Defenders, Inc.
1210 Locust Street, 2nd Floor
St. Louis, MO 63103
Telephone:      855/724-2489
Facsimile:      314/925-1307

and

James R. Wyrsch
Javad M. Khaezaeli
Khaezaeli Wyrsch, LLC
911 Washington Ave #211
St. Louis, MO 63101
Telephone:      314/288-0777
Facsimile:      314/400-7701

<u>/s/Drew A. Heffner</u>

Dated: March 30, 2018.