**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LEO S. ROLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-966-RLW |
| ) | |
| THE COUNTY OF ST. CHARLES, ) | |
| MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint [Doc. #5], filed in response to the August 4, 2015 Memorandum and Order [Doc. #4], which is adopted and incorporated herein by reference. See 28 U.S.C. § 1915. For the reasons set forth below, the Court will dismiss this action as legally frivolous. See 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action

fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 555, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950-52. Moreover, the Court must give the complaint the benefit of a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), and

2

weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

### The Amended Complaint

Plaintiff, an inmate at the St. Charles County Department of Corrections, brings this action pursuant to 42 U.S.C. § 1983.  The Court notes that, inexplicably, plaintiff's amended complaint consists of two separate complaints, each prepared on a court-provided form.  The first of said pleadings is docketed as Document #5, pages 1-9, bears cause number 4:15-CV-966-RLW, and names the County of St. Charles, Missouri as the sole defendant; the second is docketed as Document #5, pages 10-15, bears no cause number in the caption, and names Nathan Bathke as the defendant.  This is not what the Court ordered plaintiff to do.

Rather than dismiss this action for failure to comply with the Court's August 4 Order, the Court will liberally construe the first of the two amended complaints (i.e., Doc. #5, pages 1-9) as plaintiff's responsive pleading.  The second of the two amended complaints will be stricken from the record (i.e., Doc. #5, pages 10-15), and if plaintiff wishes to pursue the claims set forth therein, he must submit the pleading to the Court along with the documents necessary for filing a new civil

action, including the filing fee or a motion for leave to proceed in forma pauperis and certified inmate account statement.

In the amended complaint now before the Court [Doc. #5, pages 1-9], plaintiff sues the County of St. Charles, Missouri, for the violation of his constitutional rights. Plaintiff alleges that he was arrested on May 22, 2013, and was detained in the St. Charles County Department of Corrections until the charges were dismissed on July 1, 2014, for a failure to prosecute. Plaintiff claims that defendant violated his due process and speedy trial rights.

## Discussion

Although a municipality, such as the County of St. Charles, Missouri, is not entitled to absolute immunity in § 1983 actions, it cannot be held liable under a respondeat superior theory. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policy or custom. Id. at 694. There being no such allegation in the present action, the amended complaint is legally frivolous, and this action will be dismissed without prejudice.[1]

---

[1] Furthermore, the Court notes that a prosecutor is absolutely immune from suit for damages under § 1983 for alleged violations committed in "initiating a prosecution and in presenting the state's case." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Myers v. Morris, 810 F.2d 1437, 1448 (8th Cir. 1987). This immunity extends to allegations of vindictive prosecution. Myers v. Morris, 810 F.2d at 1446.

4

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall docket this action as <u>Leo Sheron Roland v. County of St. Charles, Missouri</u>.

**IT IS FURTHER ORDERED** that the second of the two amended complaints [Doc. #5, pages 10-15] is **STRICKEN** from the record. If plaintiff wishes to pursue the claims set forth therein, he must resubmit the pleading to the Court along with the requisite documents necessary for filing a new and separate civil action, including the filing fee or a motion for leave to proceed in forma pauperis and certified inmate account statement.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the amended complaint [Doc. #5, pages 1-9] is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of September, 2015.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

5