IN THE UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
MISSOURI EASTERN DIVISION

| | |
|---|---|
| ERIC SMITH, et.al. )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>ST. CHARLES COUNTY, )<br>MISSOURI, et. al, )<br>)<br>Defendants. ) | Case No: 4:18-cv-00171 |

**DEFENDANTS ST. CHARLES COUNTY, MISSOURI, MICHAEL McKEE, JEFFERY CAST, JAKE GILLETT, AND CLINTON GRAEBNER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

**ANSWER**

COME NOW Defendants St. Charles County, Missouri, Michael McKee, Jeffery Cast, Jake Gillett, and Clinton Graebner, by and through counsel, and for their Answer to the First Amended Complaint, states to the Court as follows:

**PRELIMINARY STATEMENT**

1. Defendants deny the allegations in Paragraph 1 of the First Amended Complaint.

2. Defendants deny the allegations in Paragraph 2 of the First Amended Complaint.

3. Defendants deny the allegations in Paragraph 3 of the First Amended Complaint.

4. Defendants deny the allegations in Paragraph 4 of the First Amended Complaint.

5. Defendants deny the allegations in Paragraph 5 of the First Amended Complaint.

**JURISDICTION AND VENUE**

6. Paragraph 6 is the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations of

Paragraph 6.

7.     Paragraph 7 is the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 7.

**PARTIES**

8.     Defendants deny the allegations in Paragraph 8 of the First Amended Complaint

9.     Defendants deny the allegations in Paragraph 9 of the First Amended Complaint.

10.    Defendants admit only St. Charles County, Missouri is a constitutional charter county, created pursuant to the laws of the State of Missouri and the St. Charles County Department of Corrections is a department or subdivision thereof. Defendants deny the remaining allegations of Paragraph 10 of the First Amended Complaint.

11.    Defendants admit only that Michael McKee is employed by St. Charles County, Missouri as a Lieutenant of the St. Charles County Department of Corrections. Defendants deny the remaining allegations of Paragraph 11 of the First Amended Complaint.

12.    Defendants admit only that Jeffery Cast is employed by St. Charles County, Missouri as a Correction Officer of the St. Charles County Department of Corrections. Defendants deny the remaining allegations of Paragraph 12 of the First Amended Complaint.

13.    Defendants admit only that Jake Gillett was employed by St. Charles County, Missouri as a Correction Officer of the St. Charles County Department of Corrections. Defendants deny the remaining allegations of Paragraph 12 of the First Amended Complaint.

14.    Defendants admit only that Clinton Graebner was employed by St. Charles County, Missouri as a Correctional Officer with the St. Charles County Department of Corrections. Defendants deny the remaining allegations of Paragraph 14 of the First Amended Complaint.

## FACTS

### Eric Smith's Violent Assault by a St. Charles County Officer, Deprivation of Medical Care at SCCJ, and Continuing Harm

15. Defendants admit the allegations in Paragraph 15 of the First Amended Complaint.

16. Defendants admit the allegations in Paragraph 16 of the First Amended Complaint.

17. Defendants deny the allegations in Paragraph 17 of the First Amended Complaint.

18. Defendants deny the allegations in Paragraph 18 of the First Amended Complaint.

19. Defendants deny the allegations in Paragraph 19 of the First Amended Complaint.

20. Defendants deny the allegations in Paragraph 20 of the First Amended Complaint.

21. Defendants deny the allegations in Paragraph 21 of the First Amended Complaint.

22. Defendants deny the allegations in Paragraph 22 of the First Amended Complaint.

23. Defendants deny the allegations in Paragraph 23 of the First Amended Complaint.

24. Defendants are without sufficient knowledge with which to admit or deny the allegations in Paragraph 24 of the First Amended Complaint and therefore deny same.

25. Defendants are without sufficient knowledge with which to admit or deny the allegations in Paragraph 25 of the First Amended Complaint and therefore deny same.

### Alleadhin Qandah's Attack Facilitated by SCCJ Officials and Continued Targeting Resulting in Pretrial Punishment and Harm

26. Defendants admit the allegations in Paragraph 26 of the First Amended Complaint.

27. Defendants deny the allegations in Paragraph 27 of the First Amended Complaint.

28. Defendants deny the allegations in Paragraph 28 of the First Amended Complaint.

29. Defendants deny the allegations in Paragraph 29 of the First Amended Complaint.

30. Defendants deny the allegations in Paragraph 30 of the First Amended Complaint.

31. Defendants deny the allegations in Paragraph 31 of the First Amended Complaint.

32. Defendants deny the allegations in Paragraph 32 of the First Amended Complaint.

33. Defendants deny the allegations in Paragraph 33 of the First Amended Complaint.

34. Defendants deny the allegations in Paragraph 34 of the First Amended Complaint.

35. Defendants deny the allegations in Paragraph 35 of the First Amended Complaint.

36. Defendants deny the allegations in Paragraph 36 of the First Amended Complaint.

37. Defendants deny the allegations in Paragraph 37 of the First Amended Complaint.

38. Defendants deny the allegations in Paragraph 38 of the First Amended Complaint.

39. Defendants deny the allegations in Paragraph 39 of the First Amended Complaint.

40. Defendants deny the allegations in Paragraph 40 of the First Amended Complaint.

41. Defendants deny the allegations in Paragraph 41 of the First Amended Complaint.

42. Defendants deny the allegations in Paragraph 42 of the First Amended Complaint.

43. Defendants deny the allegations in Paragraph 43 of the First Amended Complaint.

44. Defendants admit the allegations in Paragraph 44 of the First Amended Complaint.

45. Defendants deny the allegations in Paragraph 45 of the First Amended Complaint.

46. Defendants deny the allegations in Paragraph 46 of the First Amended Complaint.

47. Defendants are without sufficient knowledge with which to admit or deny the allegations in Paragraph 47 of the First Amended Complaint and therefore deny same.

## History of Unconstitutional Conduct at SCCJ

48. Defendants deny the allegations in Paragraph 48 of the First Amended Complaint.

49. Defendants deny the allegations in Paragraph 49 of the First Amended Complaint.

50. Defendants deny the allegations in Paragraph 50 of the First Amended Complaint.

51. Defendants deny the allegations in Paragraph 51 of the First Amended Complaint.

52. Defendants deny the allegations in Paragraph 52 of the First Amended Complaint.

53. Defendants deny the allegations in Paragraph 53 of the First Amended Complaint.

54. Defendants deny the allegations in Paragraph 54 of the First Amended Complaint.

55. Defendants deny the allegations in Paragraph 55 of the First Amended Complaint.

**CLAIMS FOR RELIEF**

**COUNT I**

**Fourteenth Amendment Claim for Deliberate Indifference Resulting in Punishment to Pretrial Detainee Cognizable under 42 U.S.C. § 1983 by Mr. Qandah Against Defendant Cast**

56. Defendants incorporate by reference each and every one of their responses to the allegations in Paragraphs 1 through 55 of the First Amended Complaint as if set forth fully herein.

57. The allegations in Paragraph 57 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 57 of the First Amended Complaint.

58. Defendants deny the allegations in Paragraph 58 of the First Amended Complaint.

59. There is no Paragraph 59 in the First Amended Complaint, and therefore, no response is required.

60. Defendants deny the allegations in Paragraph 60 of the First Amended Complaint.

61. Defendants deny the allegations in Paragraph 61 of the First Amended Complaint.

62. The allegations in Paragraph 62 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 62 of the First Amended Complaint.

63. The allegations in Paragraph 63 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny

the allegations in Paragraph 63 of the First Amended Complaint.

## COUNT II

### Fourteenth Amendment Claim for Deprivation of Medical Care Amounting to Cruel and Unusual Punishment Cognizable under 42 U.S.C. § 1983 by Plaintiff Qandah Against Defendant McKee

64. Defendants incorporate by reference each and every one of their responses to the allegations in Paragraphs 1 through 63 of the First Amended Complaint as if set forth fully herein.

65. The allegations in Paragraph 65 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 65 of the First Amended Complaint.

66. The allegations in Paragraph 66 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 66 of the First Amended Complaint.

67. Defendants deny the allegations in Paragraph 67 of the First Amended Complaint.

68. Defendants deny the allegations in Paragraph 68 of the First Amended Complaint.

69. Defendants deny the allegations in Paragraph 69 of the First Amended Complaint.

70. Defendants are without sufficient knowledge with which to admit or deny the allegations in Paragraph 70 of the First Amended Complaint and therefore deny same.

71. The allegations in Paragraph 71 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 71 of the First Amended Complaint.

72. The allegations in Paragraph 72 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny

the allegations in Paragraph 72 of the First Amended Complaint.

## COUNT III

### Eighth Amendment Failure to Provide Proper Medical Care Resulting in Cruel and Unusual Punishment of Prisoners Cognizable under 42 U.S.C. § 1983 by Mr. Smith Against Defendant Graebner

73. Defendants incorporate by reference each and every one of their responses to the allegations in Paragraphs 1 through 72 of the First Amended Complaint as if set forth fully herein.

74. The allegations in Paragraph 74 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 74 of the First Amended Complaint.

75. Defendants deny the allegations in Paragraph 75 of the First Amended Complaint.

76. Defendants deny the allegations in Paragraph 76 of the First Amended Complaint.

77. Defendants deny the allegations in Paragraph 77 of the First Amended Complaint.

78. The allegations in Paragraph 78 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 78 of the First Amended Complaint.

79. The allegations in Paragraph 79 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 79 of the First Amended Complaint.

## COUNT IV

### Eighth Amendment Excessive Force Resulting in Cruel and Unusual Punishment of Prisoners Cognizable under 42 U.S.C. § 1983 by Mr. Smith Against Defendant Gillett

80. Defendants incorporate by reference each and every one of their responses to the allegations in Paragraphs 1 through 79 of the First Amended Complaint as if set forth fully

herein.

81.    Defendants deny the allegations in Paragraph 81 of the First Amended Complaint.

82.    The allegations in Paragraph 82 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 82 of the First Amended Complaint.

83.    The allegations in Paragraph 83 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 83 of the First Amended Complaint.

## COUNT V

### Missouri Common Law Battery Claim Against Defendant Gillett by Plaintiff Smith

84.    Defendants incorporate by reference each and every one of their responses to the allegations in Paragraphs 1 through 83 of the First Amended Complaint as if set forth fully herein.

85.    Defendants deny the allegations in Paragraph 85 of the First Amended Complaint.

86.    Defendants deny the allegations in Paragraph 86 of the First Amended Complaint.

87.    Defendants deny the allegations in Paragraph 87 of the First Amended Complaint.

88.    The allegations in Paragraph 88 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 88 of the First Amended Complaint.

## COUNT VI

### Municipal Liability *Monell* Claim by Mr. Qandah Against Defendants St. Charles County for Failure to Supervise, Train, Investigate Complaints, and Discipline

89.    Defendants incorporate by reference each and every one of their responses to the allegations in Paragraphs 1 through 88 of the First Amended Complaint as if set forth fully

herein.

90. Defendants deny the allegations in Paragraph 90 of the First Amended Complaint.

91. Defendants deny the allegations in Paragraph 91 of the First Amended Complaint.

92. The allegations in Paragraph 92 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 92 of the First Amended Complaint

93. Defendants deny the allegations in Paragraph 93 of the First Amended Complaint.

94. Defendants deny the allegations in Paragraph 94 of the First Amended Complaint.

95. Defendants deny the allegations in Paragraph 95 of the First Amended Complaint.

96. Defendants deny the allegations in Paragraph 96 of the First Amended Complaint.

97. The allegations in Paragraph 97 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 97 of the First Amended Complaint.

98. The allegations in Paragraph 98 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 98 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

99. Any allegation in the First Amended Complaint not specifically admitted is denied, including any allegation contained in an introductory Paragraph, heading, or wherefore clause.

100. Defendant, St. Charles County is protected from suit on the basis of sovereign immunity.

101. Plaintiffs' claims against St. Charles County are insufficient to state a cause of action against St. Charles County that falls within an exception to the County's sovereign immunity or any waiver by the County thereof.

102.	Plaintiffs fail to state a claim upon which relief can be granted in that Plaintiffs can prove no set of facts which would entitle them to the relief requested in their First Amended Complaint.

103.	Plaintiff Smith has failed to state a claim for Battery against Defendant Gillett upon which relief can be granted.

104.	Plaintiffs have failed to state a claim against Defendants under Section 1983 because Plaintiffs provide no causation between any failure to train, supervise or discipline and any alleged injury.

105.	Plaintiffs have failed to state a claim against Defendants are there is no fundamental right that was clearly established at the time of the events described in the First Amended Complaint for Plaintiffs.

106.	Plaintiffs have failed to state a claim for failure to train against Defendants upon which relief can be granted.

107.	Plaintiffs have failed to state a claim against Defendants under Section 1983 because to do so requires that there has been a constitutional violation and that the constitutional violation has resulted from a policy or custom of the County.

108.	Plaintiffs have failed to plead facts sufficient to support a claim for punitive damages or any entitlement to consideration of same as a matter of law.

109.	Plaintiffs have failed to plead facts sufficient to state a claim for deliberate indifference on the part of any Defendant under the "more than mere negligence" standard to establish a constitutional violation.

110.	Plaintiffs fail to state a claim against St. Charles County sufficient to overcome the immunity afforded it under the public duty doctrine.

111.	Defendants McKee, Cast, Gillett, and Graebner are protected by qualified immunity with

regard to Plaintiffs' claims.

112.    Defendants McKee, Cast, Gillett, and Graebner are protected by official immunity with regard to Plaintiffs' claims.

113.    Defendants state they are not liable in any amount to Plaintiffs but that in the event Plaintiffs recover any amount from Defendants in this lawsuit, the Defendants are entitled to a credit or setoff against the amount of said recovery in the amount of any payment Plaintiffs have or may receive from other parties arising from the same incident, and that Plaintiffs have a duty to mitigate their damages, and have failed to do so.

114.    Plaintiffs fails to state a claim as they have failed to exhaust all of their administrative remedies as required pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

115.    Defendants reserve the right to raise any further affirmative defenses to Plaintiffs' First Amended Complaint as this lawsuit proceeds and further facts are discovered.

   WHEREFORE, having fully answered, Defendants, St. Charles County, Missouri, Michael McKee, Jeffery Cast, Jake Gillett, and Clinton Graebner, pray that Plaintiffs' cause of action be forthwith dismissed with prejudice; that the Court tax costs to the Plaintiffs and that the Court make provision for such further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**OFFICE OF THE ST. CHARLES COUNTY COUNSELOR**

/s/Drew A. Heffner
Drew A. Heffner, E.D. #54873MO
Associate County Counselor
100 North Third Street
St. Charles, Missouri 63301
Telephone:	636/949-7540
Facsimile:	636/949-7541
Email: dheffner@sccmo.org

Attorney for Defendants

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

| | |
|---|---|
| James R. Wyrsch | Blake A. Strode |
| Javad M. Khazaeli | Michael-John Voss |
| Kiara N. DrakeMO | Frances C. Lucas |
| 911 Washington Avenue, Suite 211 | John M. Waldron |
| St. Louis, MO 63101 | 440 N. 4th St., Suite 390 |
| (314) 288-0777 | Saint Louis, MO 63102 |
| (314) 400-7701 (fax) | 855-724-2489 ext. 1021 |
| james.wyrsch@kwlawstl.com | 314-925-1307 (fax) |
| javad.khazaeli@kwlawstl.com | bstrode@archcitydefenders.org |
| kiara.drake@kwlawstl.com | mjvoss@archcitydefenders.org |
| | clucas@archcitydefenders.org |
| | jwaldron@archcitydefenders.org |

/s/ Drew Heffner

Dated: August 12, 2019