IN THE UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
MISSOURI EASTERN DIVISION

| | |
|---|---|
| ERIC SMITH, et.al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No: 4:18-cv-00171 |
| ) | |
| ST. CHARLES COUNTY, ) | |
| MISSOURI, et. al, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS ST. CHARLES COUNTY, MISSOURI,
JAKE GILLETT, AND CLINTON GRAEBNER'S ANSWER AND
<u>AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT</u>**

**<u>ANSWER</u>**

COME NOW Defendants St. Charles County, Missouri, Jake Gillett, and Clinton Graebner, by and through counsel, and for their Answer to the Second Amended Complaint, states to the Court as follows:

**PRELIMINARY STATEMENT**

1.  Defendants deny the allegations in Paragraph 1 of the First Amended Complaint.

3.  Defendants deny the allegations in Paragraph 3 of the First Amended Complaint.

4.  Defendants deny the allegations in Paragraph 4 of the First Amended Complaint.

5.  Defendants deny the allegations in Paragraph 5 of the First Amended Complaint.

**JURISDICTION AND VENUE**

6.  Paragraph 6 is the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 6.

7.      Paragraph 7 is the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 7.

## PARTIES

8.      Defendants deny the allegations in Paragraph 8 of the First Amended Complaint

10.     Defendants admit only St. Charles County, Missouri is a constitutional charter county, created pursuant to the laws of the State of Missouri and the St. Charles County Department of Corrections is a department or subdivision thereof. Defendants deny the remaining allegations of Paragraph 10 of the First Amended Complaint.

13.     Defendants admit only that Jake Gillett was employed by St. Charles County, Missouri as a Correction Officer of the St. Charles County Department of Corrections. Defendants deny the remaining allegations of Paragraph 12 of the First Amended Complaint.

14.     Defendants admit only that Clinton Graebner was employed by St. Charles County, Missouri as a Correctional Officer with the St. Charles County Department of Corrections. Defendants deny the remaining allegations of Paragraph 14 of the First Amended Complaint.

## FACTS

### Eric Smith's Violent Assault by a St. Charles County Officer, Deprivation of Medical Care at SCCJ, and Continuing Harm

15.     Defendants admit the allegations in Paragraph 15 of the First Amended Complaint.

16.     Defendants admit the allegations in Paragraph 16 of the First Amended Complaint.

17.     Defendants deny the allegations in Paragraph 17 of the First Amended Complaint.

18.     Defendants deny the allegations in Paragraph 18 of the First Amended Complaint.

19.     Defendants deny the allegations in Paragraph 19 of the First Amended Complaint.

20.     Defendants deny the allegations in Paragraph 20 of the First Amended Complaint.

21. Defendants deny the allegations in Paragraph 21 of the First Amended Complaint.

22. Defendants deny the allegations in Paragraph 22 of the First Amended Complaint.

23. Defendants deny the allegations in Paragraph 23 of the First Amended Complaint.

24. Defendants are without sufficient knowledge with which to admit or deny the allegations in Paragraph 24 of the First Amended Complaint and therefore deny same.

25. Defendants are without sufficient knowledge with which to admit or deny the allegations in Paragraph 25 of the First Amended Complaint and therefore deny same.

## History of Unconstitutional Conduct at SCCJ

48. Defendants deny the allegations in Paragraph 48 of the First Amended Complaint.

49. Defendants deny the allegations in Paragraph 49 of the First Amended Complaint.

50. Defendants deny the allegations in Paragraph 50 of the First Amended Complaint.

51. Defendants deny the allegations in Paragraph 51 of the First Amended Complaint.

52. Defendants deny the allegations in Paragraph 52 of the First Amended Complaint.

53. Defendants deny the allegations in Paragraph 53 of the First Amended Complaint.

54. Defendants deny the allegations in Paragraph 54 of the First Amended Complaint.

55. Defendants deny the allegations in Paragraph 55 of the First Amended Complaint.

## CLAIMS FOR RELIEF

## COUNT I

**Eighth Amendment Failure to Provide Proper Medical Care Resulting in Cruel and Unusual Punishment of Prisoners Cognizable under 42 U.S.C. § 1983 by Mr. Smith Against Defendant Graebner**

73. Defendants incorporate by reference each and every one of their responses to the allegations in Paragraphs 1 through 72 of the First Amended Complaint as if set forth fully

herein.

74. The allegations in Paragraph 74 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 74 of the First Amended Complaint.

75. Defendants deny the allegations in Paragraph 75 of the First Amended Complaint.

76. Defendants deny the allegations in Paragraph 76 of the First Amended Complaint.

77. Defendants deny the allegations in Paragraph 77 of the First Amended Complaint.

78. The allegations in Paragraph 78 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 78 of the First Amended Complaint.

79. The allegations in Paragraph 79 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 79 of the First Amended Complaint.

## COUNT II

**Eighth Amendment Excessive Force Resulting in Cruel and Unusual Punishment of Prisoners Cognizable under 42 U.S.C. § 1983 by Mr. Smith Against Defendant Gillett**

80. Defendants incorporate by reference each and every one of their responses to the allegations in Paragraphs 1 through 79 of the First Amended Complaint as if set forth fully herein.

81. Defendants deny the allegations in Paragraph 81 of the First Amended Complaint.

82. The allegations in Paragraph 82 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 82 of the First Amended Complaint.

83. The allegations in Paragraph 83 are the legal conclusion of the pleader and therefore no

response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 83 of the First Amended Complaint.

## COUNT III

**Missouri Common Law Battery Claim Against Defendant Gillett by Plaintiff Smith**

84. Defendants incorporate by reference each and every one of their responses to the allegations in Paragraphs 1 through 83 of the First Amended Complaint as if set forth fully herein.

85. Defendants deny the allegations in Paragraph 85 of the First Amended Complaint.

86. Defendants deny the allegations in Paragraph 86 of the First Amended Complaint.

87. Defendants deny the allegations in Paragraph 87 of the First Amended Complaint.

88. The allegations in Paragraph 88 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 88 of the First Amended Complaint.

## COUNT IV

**Municipal Liability *Monell* Claim by Mr. Smith Against Defendants St. Charles County for Failure to Supervise, Train, Investigate Complaints, and Discipline**

89. Defendants incorporate by reference each and every one of their responses to the allegations in Paragraphs 1 through 88 of the First Amended Complaint as if set forth fully herein.

90. Defendants deny the allegations in Paragraph 90 of the First Amended Complaint.

91. Defendants deny the allegations in Paragraph 91 of the First Amended Complaint.

92. The allegations in Paragraph 92 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 92 of the First Amended Complaint

93.     Defendants deny the allegations in Paragraph 93 of the First Amended Complaint.

94.     Defendants deny the allegations in Paragraph 94 of the First Amended Complaint.

95.     Defendants deny the allegations in Paragraph 95 of the First Amended Complaint.

96.     Defendants deny the allegations in Paragraph 96 of the First Amended Complaint.

97.     The allegations in Paragraph 97 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 97 of the First Amended Complaint.

98.     The allegations in Paragraph 98 are the legal conclusion of the pleader and therefore no response is required. However, to the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 98 of the First Amended Complaint.

## **AFFIRMATIVE DEFENSES**

99.     Any allegation in the First Amended Complaint not specifically admitted is denied, including any allegation contained in an introductory Paragraph, heading, or wherefore clause.

100.    Defendant, St. Charles County is protected from suit on the basis of sovereign immunity.

101.    Plaintiffs' claims against St. Charles County are insufficient to state a cause of action against St. Charles County that falls within an exception to the County's sovereign immunity or any waiver by the County thereof.

102.    Plaintiffs fail to state a claim upon which relief can be granted in that Plaintiffs can prove no set of facts which would entitle them to the relief requested in their First Amended Complaint.

103.    Plaintiff Smith has failed to state a claim for Battery against Defendant Gillett upon which relief can be granted.

104.    Plaintiffs have failed to state a claim against Defendants under Section 1983 because Plaintiffs provide no causation between any failure to train, supervise or discipline and any

alleged injury.

105. Plaintiffs have failed to state a claim against Defendants are there is no fundamental right that was clearly established at the time of the events described in the Second Amended Complaint for Plaintiffs.

106. Plaintiffs have failed to state a claim for failure to train against Defendants upon which relief can be granted.

107. Plaintiffs have failed to state a claim against Defendants under Section 1983 because to do so requires that there has been a constitutional violation and that the constitutional violation has resulted from a policy or custom of the County.

108. Plaintiffs have failed to plead facts sufficient to support a claim for punitive damages or any entitlement to consideration of same as a matter of law.

109. Plaintiffs have failed to plead facts sufficient to state a claim for deliberate indifference on the part of any Defendant under the "more than mere negligence" standard to establish a constitutional violation.

110. Plaintiffs fail to state a claim against St. Charles County sufficient to overcome the immunity afforded it under the public duty doctrine.

111. Defendants Gillett and Graebner are protected by qualified immunity with regard to Plaintiffs' claims.

112. Defendants Gillett, and Graebner are protected by official immunity with regard to Plaintiffs' claims.

113. Defendants state they are not liable in any amount to Plaintiffs but that in the event Plaintiffs recover any amount from Defendants in this lawsuit, the Defendants are entitled to a credit or setoff against the amount of said recovery in the amount of any payment Plaintiffs have

or may receive from other parties arising from the same incident, and that Plaintiffs have a duty to mitigate their damages, and have failed to do so.

114. Plaintiffs fails to state a claim as they have failed to exhaust all of their administrative remedies as required pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

115. Defendants reserve the right to raise any further affirmative defenses to Plaintiffs' Second Amended Complaint as this lawsuit proceeds and further facts are discovered.

WHEREFORE, having fully answered, Defendants, St. Charles County, Missouri, Jake Gillett, and Clinton Graebner, pray that Plaintiffs' cause of action be forthwith dismissed with prejudice; that the Court tax costs to the Plaintiffs and that the Court make provision for such further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

ST. CHARLES COUNTY COUNSELOR

/s/Drew A. Heffner
Drew A. Heffner, E.D. #54873MO
Associate County Counselor
100 North Third Street
St. Charles, Missouri 63301
Telephone:    636/949-7540
Facsimile:     636/949-7541
Email: dheffner@sccmo.org

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

James R. Wyrsch
Javad M. Khazaeli
Kiara N. Drake
911 Washington Avenue, Suite 211
St. Louis, MO 63101
(314) 288-0777
(314) 400-7701 (fax)
james.wyrsch@kwlawstl.com
javad.khazaeli@kwlawstl.com
kiara.drake@kwlawstl.com

Blake A. Strode
Michael-John Voss
Frances C. Lucas
John M. Waldron
Maureen G.V. Hanlon
440 N. 4th St., Suite 390
Saint Louis, MO 63102
855-724-2489 ext. 1021
314-925-1307 (fax)
bstrode@archcitydefenders.org
mjvoss@archcitydefenders.org
clucas@archcitydefenders.org
jwaldron@archcitydefenders.org
mahanlon@archctiydefenders.org

/s/ Drew A. Heffner
Dated: May 6, 2021