UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:18-cv-00171-JCH |
| | ) |
| ST. CHARLES COUNTY, MISSOURI, *et. al.,* | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF ERIC SMITH'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE ANSWER AND AFFIRMATIVE DEFENSES**

For the following reasons, Plaintiff Eric Smith respectfully asks this Court to deny Defendants' Motion for Leave to file their Answer and Affirmative Defenses out of time.

## FACTS

Plaintiff filed his original Complaint in this matter on January 31, 2018 (Doc. 1), his First Amended Complaint on July 29, 2019 (Doc. 61) and his Second Amended Complaint on March 10, 2020 (Doc. 121). Despite timely filing answers to the first two complaints (Docs. 16, 28, 62), defendants failed to timely file an answer to Plaintiff's Second Amended Complaint.

Now, more than a year later, defendants filed a Motion for Leave to File an Answer and Affirmative Defenses (Doc. 184).  in response to plaintiff's Second Amended Complaint. In the intervening time, defendants filed for summary judgment, (Doc. 122), which this court denied. (Doc. 174). Defendants filed a notice of interlocutory appeal on February 23, 2021. (Doc. 177).

## ARGUMENT

As an initial matter, Plaintiff notes that when defendants filed a notice of appeal, it conferred jurisdiction on the court of appeals "over those aspects of the case involved in the appeal." *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989) (quoting *Griggs v.*

*Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). The Eighth Circuit has read this rule broadly, instructing that "'[a] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously'" *Johnson v. Hay*, 931 F.2d 456, 459 n.2 (8th Cir. 1991) (quoting *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989)). As such, Plaintiff does not believe this court can grant defendants' motion to file their required answer and affirmative defenses out of time until the proceedings at the Eighth Circuit have concluded.[1]

Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after the service of the amended pleading, whichever is later. Fed. R. Civ. P. 15(a)(3). An averment in a complaint that is not properly denied is deemed to be admitted if a responsive pleading is required and the allegation is not denied. Fed. R. Civ. P. 8(b)(6) ("An allegation is admitted if a responsive pleading is required, and the allegation is not denied."); *Sanchez v. BNSF Ry. Co.,* 976 F. Supp. 2d 1265, 1267 (D.N.M. 2013). Affirmative defenses that are not timely pleaded may be deemed waived. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense…).

Plaintiff acknowledges that he, like defendants, did not realize that defendants had failed to file an answer to plaintiff's Second Amended Complaint and thus he did not argue that defendants should be deemed to have admitted the allegations in the complaint during summary judgment briefing.  However, unlike defendants, plaintiff had no obligation to raise this issue.

Under Federal Rules of Civil Procedure 6(b)(1)(B), "the Court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable

---

[1] Like Defendants, Plaintiff has no objection to the court ruling on purely procedural matters at the district court level such as the pending Motions to Withdraw filed by attorneys in this matter.

neglect." While Plaintiff does not contend Defendants were acting in bad faith, "[i]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Lowry v. McDonnell Douglas Corp*, 211 F.3d 457, 464 (8th Cir. 2000) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Associates Ld. Partnership,* 507 U.S. 380, 392 (1993); *See also Advanced Estimating Sys., Inc. v. Riney,* 130 F.3d 996, 998 (11th Cir. 1997) ("That the four-part *Pioneer* standard for determining excusable neglect applies does not change existing law that a lawyer's misunderstanding of clear law cannot constitute excusable neglect. If it could, almost every appellant's lawyer would plead his own inability to understand the law when he fails to comply with a deadline. We do not believe the [Supreme] Court intended a practice that would require courts to be that lenient about disobedience to plain law."). Defendants' failure to comply with unambiguous procedural rules cannot excuse their failure to file a timely answer and affirmative defenses. As such, defendants' motion for leave should be denied.

## CONCLUSION

Defendants have not followed the procedural requirements of Rule 15(a) nor demonstrated that their neglect was "excusable" as required by Rule 6(b)(1)(B) so as to entitle them to file an answer and affirmative defenses out of time. As such, Plaintiff requests this Court deny Defendant's Motion for Leave to file an Answer and Affirmative Defenses.

Date: July 6, 2021                                              Respectfully submitted,

                                                    /s/ *Maureen Hanlon*

                                            ARCHCITY DEFENDERS
                                            Maureen G. V. Hanlon, 70990(MO)
                                            John M. Waldron, 70401(MO)
                                            Nathaniel R. Carroll, 67988(MO)
                                            440 N. Fourth Street, Suite 390
                                            Saint Louis, MO 63102

855-724-2489
mhanlon@archcitydefenders.org
jwaldron@archcitydefenders.org
ncarroll@archcitydefenders.org

*Attorneys for Plaintiff*